930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frank M. LAURENZANO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3004.
 United States Court of Appeals, Federal Circuit.
 March 14, 1991.
 
 Before MAYER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The final decision of the Merit Systems Protection Board, affirming a reconsideration decision of the Office of Personnel Management that denied Frank M. Laurenzano a waiver of recovery of annuity overpayments totaling $1303.00, is affirmed. See 45 M.S.P.R. 593 (1990).
 
 OPINION
 
 2
 Laurenzano concedes that repayment would not cause him financial hardship, so he must establish either that "due to the notice that [the] payment would be made or because of the incorrect payment either he[ ] has relinquished a valuable right or changed positions for the worse," or that "[r]ecovery would be unconscionable under the circumstances." 5 C.F.R. Sec. 831.1403(a)(2)-(3) (1990). That he allegedly used a portion of the overpayment to defray the college expenses of four children and "would have sent more of these children to less expensive local schools" if he had been aware of the overpayment does not establish detrimental reliance. Apparently, the expenses would have been incurred regardless; Laurenzano does not say that he enrolled one or more of the children in a more expensive school due to notice that he would receive approximately $187 more per month than he was in fact entitled to. Nor can he rely on his own miscalculation. The regulations do not authorize a waiver where an annuitant erroneously expects, and incurs expenses in reliance on, an inflated annuity. Finally, we do not see how Laurenzano's wife's medical expenses, incurred more than four years after OPM notified him of its mistake, were related to the overpayment.
 
 
 3
 As for unconscionability, neither of the delays to which Laurenzano points--the two years between his receipt of notice of overpayment and his receipt of OPM's final decision, and the seven months between OPM's first overpayment and the date it corrected his annuity--caused him harm. OPM did not attempt to recover the overpayment while administrative proceedings were pending, and the time it took OPM to become aware of and correct its error is not so long as to be exceptionally unfair or inequitable.
 
 
 4
 We have considered Laurenzano's other arguments but none persuades us that the board committed reversible error. See 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 No costs.